# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENAZ DUMAH PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants.  / | CASE NO: 1:12-cv-00717-GBC (PC)<br><br>ORDER DISMISSING ACTION AS DUPLICATIVE OF CASE NO. 1:11-cv-00802-GBC |

## I. Introduction

On May 23, 2012, Kenaz Dumah Parker ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging exposure to Valley Fever against prison officials employed at Pleasant Valley State Prison. Doc. 1.[1] Upon review of the complaint, the Court found that this action is substantively identical to another case currently pending in this district that Plaintiff filed on May 17, 2011, *Kenaz Dumah Parker v. James A. Yates, et al.*, 1:11-cv-00802-GBC. On August 3, 2012, the Court issued an Order to Show Cause as to why this action should not be dismissed, as duplicative of Case No. 1:11-cv-00802-GBC. Doc. 7. Plaintiff did not submit a response to the order to show cause.

//

//

---

[1] Plaintiff is currently incarcerated at Ironwood State Prison in Blythe, California.

## II. Duplicative Claims

### A. Legal Standard

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative. *See, e.g.*, *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 688, 692-94 (9th Cir. 2007).

### B. Analysis

> [I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same . . . "There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000) (holding that the trial court did not abuse its discretion in dismissing *Curtis II* claims arising out of the same events as those alleged in *Curtis I*, which claims would have been heard if plaintiffs had timely raised them). *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223-24 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.").

*See Adams*, 487 F.3d at 689. From a review of Plaintiff's two cases, the Court finds that this case is duplicative of Plaintiff's prior current pending case because the claims, parties, and available relief do not significantly differ between the two actions.

In both cases, Plaintiff alleges claims resulting from Valley Fever, conditions of confinement, failure to transfer Plaintiff to a different prison, retaliation, the inmate appeals process, and state

laws.[2] In both cases, Plaintiff names defendants James. A Yates, Warden; Felix Igbinosa, Chief Medical Officer; David I. Rohrdanz, Medical Doctor; C. Amadi, Medical Doctor; L. Nguyen, Medical Doctor; I. Hayden, Registered Nurse; A. Nesbit, Appeals Coordinator; H. Martinez, Appeals Coordinator; Dutra, Correctional Officer, who were all employed at Pleasant Valley State Prison.[3] In both cases, Plaintiff requests relief of compensatory and punitive damages. Therefore, this case is duplicative of Plaintiff's prior current pending case because the claims, parties, and available relief do not significantly differ between the two actions. Thus, the Court finds that this action should be dismissed as duplicative of *Kenaz Dumah Parker v. James A. Yates, et al.*, 1:11-cv-00802-GBC.

### III. Conclusion

The Court finds that Plaintiff's complaint in the this case is duplicative of Plaintiff's other pending case, *Kenaz Dumah Parker v. James A. Yates, et al.*, 1:11-cv-00802-GBC. On August 3, 2012, the Court ordered Plaintiff to show cause as to why this action should not be dismissed, as duplicative of his other pending case, *Kenaz Dumah Parker v. James A. Yates, et al.*, 1:11-cv-00802-GBC. Plaintiff did not submit a response to the order to show cause. Accordingly, the Court hereby FINDS that this action should be DISMISSED as duplicative of Case No. 1:11-cv-00802-GBC.

IT IS SO ORDERED.

Dated:    September 6, 2012

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In Plaintiff's prior pending case, he also alleges deliberate indifference to serious medical need. *See Parker v. Yates.*, 1:11-cv-00802-GBC, Compl. at 3, Doc. 1.

[3] Plaintiff listed one additional defendant in his prior pending case, P. Finander, Chief Medical Doctor at Pleasant Valley State Prison. *See Parker v. Yates.*, 1:11-cv-00802-GBC, Compl. at 7, Doc. 1.